# Exhibit A



## Notice of Service of Process

**null / ALL**
**Transmittal Number: 17355054**
**Date Processed: 11/03/2017**

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Joshua Schonauer<br>Kevin Jones<br>Cassandra Struble |

| | |
|---|---|
| **Entity:** | Depositors Insurance Company<br>Entity ID Number  0149484 |
| **Entity Served:** | Depositors Insurance Company |
| **Title of Action:** | Roncar Enterprises, LLC vs. Depositors Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Coryell County District Court, Texas |
| **Case/Reference No:** | DC-17-46716 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 11/03/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Green & Barton<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

CITATION-GENERAL

# CITATION

THE STATE OF TEXAS:                                                    COUNTY OF CORYELL

### CAUSE NO. DC-17-46716

TO:     DEPOSITORS INSURANCE COMPANY
        CORPORATION SERVICE COMP.
        211 E, 7TH ST., STE 620
        AUSTIN, TX 78701

Defendant, in the hereinafter styled and numbered cause:

You are hereby commanded to appear before the Honorable 440TH JUDICIAL DISTRICT COURT of Coryell County, Texas, to be held at the Courthouse in said County in the City of Gatesville, Coryell County, Texas, by filing a written answer to the petition of plaintiff at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number DC-17-46716 styled:

RONCAR ENTERPRISES, LLC
VS.
DEPOSITORS INSURANCE COMPANY

filed in said court on the 29th day of August, 2017.

The name and address of the attorney for plaintiff, or the address of the plaintiff is:
WILLIAM T. JONES, JR.
1201 SHEPHERD DRIVE
HOUSTON, TX 77007

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after the date you were served this citation and petition, a default judgment may be taken against you."**

WITNESS, Janice Gray, District Clerk of the 440TH JUDICIAL DISTRICT COURT of Coryell County, Texas.

Issued and given under my hand and seal of said Court at office, this the 30th day of August, 2017.

Janice M. Gray
Janice Gray, District Clerk
Coryell County, Texas
P.O. Box 4 Gatesville, Texas 76528

By D. Basham
DONNA BASHAM, DEPUTY

DC-17-46716

CAUSE NO. _____

| | | |
|---|---|---|
| RONCAR ENTERPRISES, LLC. | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | CORYELL COUNTY, TEXAS |
| | § | |
| | § | |
| DEPOSITORS INSURANCE COMPANY | § | 440th JUDICIAL DISTRICT |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL PETITION

Roncar Enterprises, LLC. ("Plaintiffs"), complains of Depositors Insurance Company ("Depositors"), and respectfully shows as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.   This case involves complex issues and will require extensive discovery.  Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### II.
### PARTIES AND PROCESS SERVICE

2.      Plaintiff is a Texas Limited Lability Corporation with its principal place of business in Bell County, Texas.

3.      Defendant Depositors Insurance Company is a foreign insurance company engaging in the business of insurance in the State of Texas. Defendant may be served at its registered agent of service Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

4.      The Clerk is requested to issue Citations.

Electronically Filed
8/29/2017 5:43 PM
Janice M. Gray, District Clerk
Coryell County, Texas

## III.
## JURISDICTION

5.     Plaintiff seeks monetary relief between $200,000 and $1,000,000.00.  Such damages sought are within the jurisdictional limits of the court.  Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by Tex.R.Civ.P. 47.

6.     The court has jurisdiction over Defendant Depositors because this Defendant engages in the business of insurance in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

## IV.
## VENUE

7.     Venue is proper in Coryell County, Texas, because the insured property giving rise to this cause of action is situated in Coryell County, Texas.  Tex.Civ.Prac.Rem.Code §15.032.

## V.
## NOTICE AND CONDITIONS PRECEDENT

8.     Defendants have been provided notice, in writing, of the claims made by Plaintiff in this petition, including Plaintiff's actual damages in the manner and form required.

9.     All conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendants; or Defendants are otherwise estopped from raising same due to Defendant's prior breach of the insurance contract.

## VI.
## FACTS

10.    Plaintiffs are the owners of a commercial property located at 2208 E. Highway 190, Copperas Cove, TX (the "Property").  The Property was insured by insurance policy number

ACP GLDO 3017837124, issued by Defendant Depositors (the "Policy"). Plaintiff is the owner of the Policy and the named insured on the Policy.

11.     On or about April 10, 2017, or another time when the Policy was in effect, a severe storm caused substantial damage to the Property and constituted a covered loss under the Policy. After the loss, Plaintiff made a claim (claim no. 043318-GF) and demand for payment on Defendant Depositors for damages to the Property and other damages covered by the terms of the Policy (the "Claim"). After Plaintiff made the Claim, Defendant Depositors assigned or otherwise retained its employees and/or agents to work on Plaintiff's Claim. Defendant failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's claim. Further, Defendant Depositors has refused to pay all amounts due and owing under the Policy for the Claim.

12.     Defendant's adjusters made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant failed to fully quantify Plaintiff's damages, thus demonstrating that they did not conduct a thorough investigation of Plaintiff's claim. Defendant conducted a substandard investigation of Plaintiff's Claim, evidenced by the estimate issued by Defendant. The damages Defendant included in its estimate were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained. Defendant failed to thoroughly review and properly supervise the adjustment of the Claim, including the inspection of the Property, which ultimately led to approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. Further, Defendant's adjusters knowingly and intentionally overlooked damages at the Property and used their own inadequate and biased investigation as

the basis for erroneously denying a portion of Plaintiff's claim.  Because of Defendant's conduct, Plaintiff's claim was underpaid and partially-denied.

13.    Defendant Depositors failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Defendant DEPOSITORS refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been satisfied by Plaintiff.  Defendant DEPOSITORS' conduct constitutes a breach of the insurance contract between Defendant DEPOSITORS and Plaintiff.

14.    Defendant misrepresented to Plaintiff that much of the damage to the Property was not covered under the Policy, even though the damage was covered by the Policy.  Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

15.    Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claim, when DEPOSITORS' liability was reasonably clear. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

16.    Defendant failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.   Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

17.    Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the

full and entire claims, in writing from Defendant. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

18.   Defendant refused to fully compensate Plaintiff for the Claim without conducting a reasonable investigation of the Claim. Rather, Defendant performed an unreasonable outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's Claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

19.   Defendant DEPOSITORS failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant DEPOSITORS' conduct constitutes a violation of TEX.INS.CODE §542.055.

20.   Defendant DEPOSITORS failed to accept or deny Plaintiff's full and entire Claim within the statutorily mandated time of receiving all necessary information. Defendant DEPOSITORS' conduct constitutes a violation of TEX.INS.CODE §542.056.

21.   Defendant DEPOSITORS failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant DEPOSITORS has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim. Defendant DEPOSITORS' conduct constitutes a violation of TEX.INS.CODE §541.058.

22.   From and after the time Plaintiff's claim was presented to Defendant DEPOSITORS, the liability of Defendant DEPOSITORS to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant DEPOSITORS has refused to pay Plaintiff in

full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant DEPOSITORS' conduct constitutes a breach of the common law duty of good faith and fair dealing.

23. Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

24. Because of Defendant' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT DEPOSITORS

25. Defendant DEPOSITORS is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### A. Breach of Contract.

26. The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant DEPOSITORS. Defendant DEPOSITORS breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Defendant DEPOSITORS' breach proximately caused Plaintiff injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

### B. Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

27.     The conduct, acts, and/or omissions by Defendant DEPOSITORS constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

28.     Defendant DEPOSITORS's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

29.     Defendant Depositors' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Depositors' liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

30.     Defendant Depositors' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

31.     Defendant Depositors' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

32.     Defendant Depositors' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

33.     Defendant Depositors' conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered.     Defendant DEPOSITORS refused to even offer more than its own grossly undervalued estimates despite actual damages, which were much greater.   This continued failure compelled Plaintiff to file suit.  TEX.INS.CODE §542.003(5).

   C.     Prompt Payment Of Claims Violations.

34.     The Claim is a claim under an insurance policy with Defendant DEPOSITORS of which Plaintiff gave Defendant DEPOSITORS.   Defendant DEPOSITORS is liable for the Claim. Defendant DEPOSITORS violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

   a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiff all items, statements, and forms that Defendant DEPOSITORS reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055;

   b) Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and/or by

   c) Delaying payment of the Claim following Defendant Depositors' receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058.

35.    Defendant Depositors' violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

   D.     Breach Of The Duty Of Good Faith And Fair Dealing.

36.     Defendant DEPOSITORS breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant DEPOSITORS

knew or should have known that its liability to Plaintiff was reasonably clear. Defendant Depositors' conduct proximately caused Plaintiff injuries and damages.

## VIII.
## KNOWLEDGE

37.    Each of the Defendant's acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## IX.
## DAMAGES

38.    Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

39.    For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

40.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX.INS.CODE §541.152.

41.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiff's claim as damages, together with attorney's fees.  TEX.INS.CODE §542.060.

42.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty,

---

such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

43.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## X.
## JURY DEMAND

44.     Plaintiff hereby requests a jury trial and tenders the appropriate jury fee.

## XI.
## REQUEST FOR DISCLOSURE

45.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2.

## XII.
## PRAYER

46.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

GREEN & BARTON

By:  /s/  William. T. Jones, Jr.
     WILLIAM T. JONES JR.
     State Bar No.: 24032601
     bjones@GBTriallaw.com
     ROBERT D. GREEN
     State Bar No.: 08368025
     green@greentriallaw.com
     DANIEL P. BARTON
     State Bar No.: 00789774
     dbarton@bartonlawgroup.com
     1201 Shepherd Drive
     Houston, Texas 77007
     (713) 227-4747- Telephone
     (713) 621-5900- Fax

**Proactive Legal Solutions**
**440 Benmar Dr, Suite 1290**
**Houston, TX 77060**



7017 2400 0001 0521 7968

DEPOSITORS INS. CO.
R/A: CSC
211 E. 7th Street, Suite 620
Austin, TX 78701

Stamps
$6.98
US POSTAGE
FIRST-CLASS
062S0007579052
FROM 77060

B90193.22